[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON CITY OF DANBURY'S MOTION TO STRIKE OCTOBER 9, 2000 CROSS CLAIM OF PAVARINI CONSTRUCTION CO., INC.
Precision Company of Westchester, Inc. ("Precision") has filed a cross claim in the above-captioned case against Pavarini Construction Co., Inc. ("Pavarini"). Pavarini has filed a cross claim against the City of Danbury, alleging that if Pavarini is found liable to Precision, the City should indemnify Pavarini because its alleged failure to pay Precision "resulted from the actions and obligations or failures to act or failures to honor obligations of the City of Danbury." Pavarini seeks as a remedy against the City the amount, if any, that Precision recovers from Pavarini.
The City has moved to strike Pavarini's cross claim against it. The City has failed to comply with Practice Book § 10-41, which requires each ground asserted in a motion to strike to be set forth in the text of the motion. Instead, the City states in a conclusory manner in its motion that "Pavarini's Cross-Claim is legally insufficient and fails to state a claim upon which relief can be granted and for the reasons set forth in the attached memorandum of law."
A party that fails to comply with Practice Book § 10-41 risks having its motion returned to it. If the court considers the motion despite the noncompliance, the movant that fails to set forth its grounds in its motion risks that the court will not divine from the text of its brief just what the ground is alleged to be. The Court will not search for theories not specifically spelled out by a party moving to strike, since P.B. § 10-41 puts the burden on the movant to state clearly in the motion itself, not in the brief, "each such claim of insufficiency CT Page 2199 and shall distinctly specify the reason or reasons for each such claimed insufficiency."
In the present instance, the only ground that the court finds to have been asserted by the City is that Pavarini has failed to provide "a concise statement of the facts constituting the cause of action," as required by Practice Book § 10-20. The City observes that Pavarini has made its allegations "so concise as to leave the City guessing as to what cause of action it must respond to."
Issues concerning the completeness of the pleadings are to be raised by a Request to Revise, not by a motion to strike. Practice Book § 10-35
provides in pertinent part:
 Whenever any party desires to obtain (1) a more complete or particular statement of the allegations of an adverse party's pleading . . . the party desiring any such amendment in an adverse party's pleading may file a timely request to revise that pleading.
Pursuant to Practice Book 10-6, a party that has filed a motion to strike may not then file a request to revise, as pleadings are required to be filed in timely fashion in the correct order. Practice Book §10-7.
Conclusion
The motion to strike Pavarini's cross claim is denied.
Beverly J. Hodgson Judge of the Superior Court